First National Bank of Jessup, Appellant, *v.*
Cappellini et al.

Argued March 3, 1942.

Before Keller, P. J.,
Baldrige, Stadtfeld, Rhodes, Hirt and Kenworthey,
JJ.

*L. D. Savige,* for appellant.

*Alphonsus L. Casey,* with him *Myron A. Pinkus,* for appellee.

OPINION BY HIRT, J., April 29, 1942:

The facts in this interpleader action are not in dispute. The bank, while the owner of a mortgage given by Angelo Cappellini, made an additional loan to him and Fred Cappellini on their judgment note upon which at the time of this action there was an unpaid balance due the bank of $500. The judgment entered on the note was a lien on Angelo's land second to that of the mortgage. The mortgage contained a covenant "to keep the buildings on said premises insured for the benefit of the mortgagee in a sum of not less than $6,000 and take no insurance not payable to the mortgagee." Contrary to the letter of his agreement Angelo took out an additional policy with the Hamilton Fire Insurance Company, for his own benefit, insuring a garage located on the mortgaged premises not covered by the other insurance policies. This policy did not contain a loss payable clause in favor of anyone. On July 3, 1940, the garage was damaged by fire to the extent of $495, whereupon the bank issued an attachment execution on the judgment entered on Angelo's note naming the insurance company as garnishee.

Angelo, with others, who probably were supplying the necessary funds, had brought a bill in equity to compel the bank to assign Angelo's mortgage to their nominee upon payment of the balance due the bank. The court entered a decree nisi in favor of the plaintiffs in that action on August 1, 1940, about one month after the fire loss, and a final decree on October 25, 1940; accordingly on November 7, 1940, $3,306.90, the then

balance was paid the bank and the mortgage was assigned by the bank to the nominees of plaintiffs in the bill. After the decree nisi, these plaintiffs made a demand on the insurance company for the payment of the fire loss to them. Thereupon the insurance company petitioned for an interpleader which was granted, and the plaintiffs in the equity action were made parties to this interpleader proceeding. The insurance company then discharged its liability on its policy by paying the above admitted amount of the fire loss to a stakeholder. The issue in this appeal is between the present owners of the mortgage, under the assignment of November 7, 1940, and the bank under its attachment execution to determine which is entitled to the insurance money.

It is conceded that the other insurance policies taken out by Angelo and delivered to the bank in accordance with the covenant of the mortgage, with loss clauses payable to the bank, were ample in amount as security for the unpaid balance of the mortgage loan. An insurance policy is "a special agreement of indemnity with the person insuring against such loss or damage as he may sustain"; *Lumber Co. v. Ins. Co.*, 4 Pa. Superior Ct. 100. Except as limited by his covenant to "take no insurance not payable to the mortgagee" Angelo had the right to take out additional insurance in his name alone for his own protection; and if so taken, the holder of a mortgage as such has no claim upon it: *Columbia Insurance Company of Alexandria*, 10 Peters 507.

At the same time it is well settled that if a mortgage contains a covenant that the property shall be kept insured by the mortgagor for the security of the mortgagee, and pursuant to his covenant, the mortgagor takes out a policy of insurance covering the mortgaged premises the mortgagee will be entitled to the proceeds on an equitable lien even though the policy contains no mortgagee clause. *Pearson Mfg. Co. v. Pittsburgh S. Co.*, 309, Pa. 340, 163 A. 680, and cases therein cited. But there is a hopeless conflict of general authority on the question

whether, in all instances, insurance by a mortgagor in his name for his own protection alone, must be regarded as having been taken out under the covenant of the mortgage, thus giving the holder of the mortgage a lien on the fund following a fire loss. 92 A. L. R. 559; 8 Couch on Insurance, §1936 (c); Am. Jur., Mortgages, §334. We need not state our views as to the law in this State on that broad question, for the reason that under the facts in the present case there is no foundation for the raising of an equitable lien.

The effect of the stipulation, that the other insurance payable to the bank was ample in amount for the protection of the mortgage, is that the mortgagor had complied with his covenant as to insurance for the protection of the holder of the mortgage, to the extent at least, of defeating the assertion of an equitable lien on the additional insurance taken out by the mortgagor for his own protection. "Of course the mortgagee's equity will be governed by the scope and object of the agreement; as, if the agreement be to insure for a certain amount, the equity will not apply beyond that amount; and as its object is to afford better security for the payment of the debt, it will not be enforced farther than is necessary for such security; if the debt is abundantly secured by the property which remains liable to the mortgage, a court of chancery would properly decline to enforce it": *Wheeler v. Insurance Co.*, 101 U. S. 439.

It follows that the bank as owner of the mortgage at the time of the fire had no claim thereunder on the policy in question, although it might have had an action against Angelo on his covenant not to take out other insurance except for its protection. Claimants' rights by assignment can rise no higher than those of the bank under the mortgage contract. Hence, they are not in a position to impose an equitable lien on the fund representing the proceeds of the policy. Under Angelo's contract with the insurance company the fire loss was payable only to him and the fund so payable was sub-

ject to attachment by any of his creditors including the bank on its judgment against him. Our conclusion is, therefore, that the bank by virtue of its attachment execution should prevail in this interpleader proceeding.

Judgment reversed and directed to be entered in favor of appellant bank.