578 A.2d 13

**Charles L. WESCHLER and Ruth Weschler, His Wife, Appellant,**

**v.**

**Patricia L. CARROLL, Administratrix of the Estate of Francis B. Carroll, A/K/A F. Bonner Carroll, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1989.

Decided July 11, 1990.

42

John E. Quinn, Pittsburgh, for appellant.

F.W. Bode III, Pittsburgh, for appellee.

Before DEL SOLE, KELLY and HESTER, JJ.

KELLY, Judge:

In this appeal we are called upon to determine whether the trial court properly precluded the appellant-husband's testimony under the provisions of the Dead Man's Act (42 Pa.C.S.A. § 5930) as to the facts surrounding an alleged accident in which there were no witnesses other than the appellant-husband and the decedent, when the appellants sought only to recover against the decedent's automobile

liability insurance policy and not his estate. We find the trial court correctly applied the statute, and properly precluded the appellant-husband's testimony.

The relevant facts and procedural history are as follows. The appellant-husband, Charles L. Weschler, was injured when he was allegedly struck by an automobile driven by Francis B. Carroll while he was attempting to cross a street designated for bus traffic only. There were no witnesses to this alleged accident other than the participants. Francis B. Carroll died of natural causes before the appellants were able to file suit against him; therefore, the appellants brought suit against Patricia L. Carroll, the appellee, as the administratrix of the decedent's estate, seeking to recover for personal injuries and loss of consortium. By admission, the appellants stipulated that the coverage provided by the decedent's insurance policy would be sufficient to satisfy their claims.

At the commencement of the non-jury trial, the appellee motioned to preclude the appellant-husband from testifying about the events surrounding the accident pursuant to the provisions of the Dead Man's Act (42 Pa.C.S.A. § 5930). The trial court granted the appellee's motion, and upon the appellant's request entered a verdict in favor of the appellee. Post-trial motions were filed and denied. This timely appeal followed.

The primary issue presented in this appeal is whether the terms of the Dead Man's Act preclude the appellant-husband from testifying as to the circumstances surrounding an alleged accident in which there were no witnesses other than the appellant-husband and the decedent, when the appellants seek to recover only against the decedent's automobile liability insurance policy, and have not made any claims against the assets contained in the decedent's estate. In order to decide this issue we must first look to the pertinent part of the Dead Man's Act which provides:

> ... in any civil action or proceeding, where any party to a thing or contract in action is dead ... and his right thereto or therein has passed ... to a party on the record

who represents his interest in the subject in controversy, neither any surviving party to such thing or contract, *nor any other person whose interest shall be adverse to a competent witness to any matter occurring before the death of said party.*

42 Pa.C.S.A. § 5930 (emphasis added).

█ The Dead Man's Act is an exception to the general rule of evidence in this Commonwealth that: "no interest or policy of law ... shall make any person incompetent as a witness." 42 Pa.C.S.A. § 5921. The purpose of the statute is to prevent the injustice that may result from permitting a surviving party to a transaction to give testimony favorable to himself and adverse to the decedent, which the decedent's representative would be in no position to refute by reason of the decedent's death. *In Re Estate of Hall,* 517 Pa. 115, 535 A.2d 47 (1987).

█ Under the Dead Man's Act three conditions must exist before the surviving party or witness is disqualified: "(1) the deceased must have had an actual right or interest in the matter at issue, *i.e.* an interest in the immediate result of the suit; (2) the interest of the witness—not simply the testimony—must be adverse; (3) a right of the deceased must have passed to a party of record who represents the deceased's interest." *In Re Hendrickson's Estate,* 388 Pa. 39, 45, 130 A.2d 143, 146–47 (1957).

█ The appellants contend, because they have agreed by stipulation to limit any possible recovery to the terms of the decedent's automobile insurance, the decedent has no actual right or interest at stake in the outcome of the litigation as required by the *Hendrickson* test. The appellants argue that because the decedent's estate will not be diminished in any way, shape, or form if the appellants were to recover against the decedent's automobile insurance policy, the trial court erred in applying the Dead Man's Act and precluding the appellant-husband from testifying about the circumstances surrounding his accident with the decedent. We find this contention to be without merit.

Our Supreme Court has ruled on this precise issue in *Lyons v. Bodek's Estate*, 393 Pa. 131, 142 A.2d 199 (1958). In *Lyons*, the appellant brought an action against the decedent's estate for injuries she suffered in a fall in the laundry room of the decedent's apartment building. As in the instant case, the appellant sought to evade the provisions of the Dead Man's Act which prohibited her testimony by appellant limiting her claim to the maximum amount allowed by the decedent's liability insurance policy. The Supreme Court held that the prohibitions against the testimony of the surviving party against the deceased party were absolute, unless waived by the decedent's estate, without regard to the existence or non-existence of liability insurance. *Lyons v. Bodek's Estate, supra*, 142 A.2d at 200.

The holding in *Lyons v. Bodek's Estate, supra*, that the presence of liability insurance does not alter the prohibitions against the surviving party's testimony against the decedent is directly applicable and the controlling law in this case. "An insurance policy is a special agreement of indemnity with the person insuring against such loss or damage that *he* may sustain." *First National Bank of Jessup v. Cappellini*, 149 Pa.Super. 14, 26 A.2d 119 (1942). (Emphasis added). In order for the appellants to be entitled to recover from the decedent's insurance policy, there must first be a finding of liability on the part of the decedent. The fact that an insurer is in better financial position to absorb the loss does not justify creating liability where none exists. *Rothman v. Fillette*, 503 Pa. 259, 469 A.2d 543 (1983).

The only evidence the appellants sought to present concerning the decedent's liability for the appellant-husband's injuries is the appellant-husband's own testimony about the alleged accident. As the appellant-husband and the decedent were the only two witnesses to this alleged accident, the decedent's estate is in no position to refute the appellant-husband's testimony concerning the decedent's liability for the appellant-husband's injuries. This scenario is exact-

ly the type of injustice that the Dead Man's Act seeks to prevent by its prohibition of the surviving party's testimony. *See In Re Hall's estate, supra; In Re Estate of Stauffer,* 504 Pa. 626, 476 A.2d 354 (1984); *Estate of Kofsky,* 487 Pa. 473, 409 A.2d 1358 (1979); *Weaver v. Walsh,* 325 Pa. 571, 191 A. 3 (1937). Accordingly, we conclude that the trial court properly excluded the appellant-husband's testimony.

■ Moreover, we find the appellant's attempt to circumvent the Dead Man's Act by offering to limit their claim to the maximum amount allowed by the decedent's insurance policy to be contrary to both the provisions of the decedent's insurance policy, and the law of Pennsylvania. As stated earlier in this opinion, the purpose of insurance is to indemnify the insured against liability. *First National Bank of Jessup v. Cappellini, supra.* The insurance policy in the instant case clearly states that the decedent's insurer will defend him if he is sued as a result of an auto accident. The policy contains a cooperation clause which states that in order for the insured to be entitled to indemnity under the insurance policy, the insured must assist the insurer in defending against any claims made against the insured under the policy. This cooperation includes helping the insured to secure evidence, obtain witnesses, and attending any trial. The cooperation clause also states that the insurer is not obligated if the insured voluntarily makes payments or takes any action which would be detrimental to the insurer's ability to defend a lawsuit against the insured. The cooperation clause requires that the insured must aid the insurer in defending against the claim to the fullest possible extent in order to maintain his right to be indemnified by the insurer. *Paxton National Insurance Co. v. Brickajlik,* 513 Pa. 627, 522 A.2d 531 (1987); *Prudential Property and Casualty Co. v. Erie Insurance Co.,* 660 F.Supp. 79 (E.D.Pa.1986).

■ Instantly, because the insured is deceased, the administratrix of his estate assumes the same duties and obligations that the decedent had to the insurer under the

insurance contract. Any action by the decedent's administratrix which would prejudice the insurer's ability to defend against the claim, *such as waiving the provisions of the Dead Man's Act,* could properly be deemed by the insurer as a material breach of the policy's cooperation clause, and thus preclude the estate's right to indemnification under the decedent's auto liability insurance policy. *See Paxton National Insurance v. Brickajlik, supra.*

Consequently, under the terms of the cooperation clause of the insurance policy, it was the duty of the administratrix of the decedent's estate to assert the prohibition of the appellant-husband's testimony under the Dead Man's Act in order to protect the estate's right to indemnification under the decedent's automobile liability insurance policy. Any waiver by administratrix of the decedent's estate's right to assert the Dead Man's Act would be contrary to the terms of the insurance policy's cooperation clause, thus rendering the *estate* rather than the insurance company liable for any judgment rendered in favor of the appellants.

Moreover, if the administratrix had waived the estate's protection under the Dead Man's Act, and her waiver had resulted in the loss of the estate's right to indemnity under the insurance policy, she might be held personally liable to the estate for any judgment rendered against it. *In Re Kurkowski Estate,* 487 Pa. 295, 409 A.2d 357 (1979) (an administratrix who fails to use common skill and ordinary caution may be held liable for losses to the estate which resulted therefrom).

The foregoing demonstrates the illusory nature of the suggested dichotomy between the interests of the decedent's estate and the decedent's insurer in this case. The policy behind the Dead Man's Act plainly applies to the insurance interests of the estate as well as to the estate in general.

However, it is important to note the limits of the Dead Man's Act. While the appellant-husband's testimony was properly barred by the Dead Man's Act, the appellants were

free to present *other* evidence of fault in support of their claims. *See Mitchell v. Stolze,* 375 Pa. 296, 100 A.2d 477 (1953) (proof of a traffic violation and circumstantial evidence are admissible under the Dead Man's Act to prove liability); *In Re Hall's Estate, supra* (a disinterested witness' testimony is not barred by the Dead Man's Act). Because the appellants presented no such evidence, we are constrained to affirm judgment entered in favor of the appellee.

Order Affirmed.

DEL SOLE, J., concurs.

DEL SOLE, Judge, concurring.

I concur in the result of the majority. This case is clearly controlled by our Supreme Court's decision in *Lyons v. Bodek's Estate,* 393 Pa. 131, 142 A.2d 199 (1958). Any discussion of the operation of the cooperation clause in the insurance policy is superfluous.