580 A.2d 1150

**William LARKIN and Dorothy Larkin, his Wife, Appellants,**

v.

**Richard J. METZ, in his Capacity as Executor of the Estate of Charles Metz, and Anna Bruce and Donald Metz, Appellees.**

Superior Court of Pennsylvania.

Argued March 28, 1990.

Decided Sept. 25, 1990.

Robert L. Simmons, Pittsburgh, for appellants.

Mark Mansour, Asst. Public Defender, Greensburg, for appellees.

Before TAMILIA, KELLY and CERCONE, JJ.

KELLY, Judge:

In this appeal we are called upon to determine whether the trial court properly applied the Dead Man's Act in its granting of summary judgment in favor of the appellees by precluding both the appellants' oral testimony and written evidence as to the existence of a written contract, which was allegedly lost or stolen, for the sale of property between the appellants and the decedent. We find that the

trial court properly barred the appellants' oral testimony, however, that it erred in precluding the appellants' written evidence. Therefore, we find the trial court's entrance of an order dismissing the appellants' complaint in equity with prejudice to be in error.

The relevant facts and procedural history are as follows. The appellants allege that they entered into a written real estate contract in 1969 with the decedent, Charles Metz, in his capacity as executor of his father, Edward Metz's estate. The house and one acre parcel were part of a larger tract of land which was inherited by Charles Metz, Donald Metz[1] and Ann Bruce, as tenants in common, from their father's estate. The appellants claim by the terms of this agreement, which they allege was either subsequently lost or stolen, that they were obligated to pay the decedent one thousand dollars and make improvements on the property in exchange for title. From 1969 to 1975, the appellants made payments to the decedent totalling one thousand four hundred and ninety-five dollars. The receipts issued by the decedent to the appellants were marked either "for payment on house" or "as payment of rent on house." The appellants also made substantial improvements on the property totaling nine thousand four hundred and eighty dollars.

Upon the decedent's death in July 1982, the appellants demanded that his executor, Richard Metz, convey title to the property to them. When Richard Metz refused, the appellants brought this instant complaint in equity seeking specific performance of alleged written contract and requested a jury trial. The appellees denied the existence of any such agreement and counterclaimed to eject the appellants from the property.

At trial, an issue arose as to whether or not the Dead Man's Statute, 42 Pa.C.S.A. § 5930, was applicable to the case. The parties agreed by stipulation that if the Dead Man's Act was found to be applicable, a trial would be unnecessary. The trial court found the Dead Man's Act

---

**1.** Donald Metz died shortly after the filing of this suit. The executor of his estate, Edward Metz, voluntarily substituted himself as a party defendant in place of his deceased father, Donald Metz.

applicable, and sent the case to the Orphan's Court which dismissed the suit with prejudice on the grounds that the appellants were unable to present any competent evidence upon which a claim could be sustained. The appellants appealed to this Court. While the matter was pending, the appellants petitioned for a remand in light of newly discovered evidence which tended to prove the existence of a contract which was outside the prohibitions of the Dead Man's Act. This petition was granted and an order was entered remanding the case without prejudice to the parties to file a new appeal after the trial court had acted. Upon remand, the trial court found that the "newly discovered evidence" was within the actual knowledge of the appellants at the time of the original trial, therefore it did not meet the evidentiary standard for newly discovered evidence and dismissed the complaint with prejudice. This timely appeal followed.

On appeal, the appellants raise three issues for our consideration.

    I.   Whether the Dead Man's Rule applied to the case, and, if so, whether such entitled defendants to summary judgment as a matter of law.

    II.   Whether any genuine issue as to material facts existed in the case, so as to preclude the entry of summary judgment.

    III.   Whether the lower court abused its discretion by summarily dismissing plaintiffs' complaint and having failed to address the applicability of the Statute of Frauds, when the Dead Man's Rule did not preclude plaintiffs' evidence.

(Appellant's Brief at 2).

At the outset, we note that in reviewing orders granting summary judgment, our scope of review is limited. This Court has previously summarized the appropriate standard as follows:

A motion for summary judgment may properly be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affida-

vits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the non-moving party. Moreover, it is clear that to survive a motion for summary judgment, the non-moving party may not rely merely upon the controverted allegations of the pleadings, but must set forth specific facts by way of affidavit, or in some other way as provided by the rule, demonstrating that a genuine issue exists.

*Harford Mutual Insurance Company v. Moorhead,* 396 Pa.Super. 234, 237, 578 A.2d 492, 494 (1990); *Salerno v. Philadelphia Newspapers,* 377 Pa.Super. 83, 88–9, 546 A.2d 1168, 1170–71 (1988) (citations omitted); Pa.R.C.P. 1035(d). Cognizant of this standard, we turn to the Larkins' appeal.

Instantly, the appellants contend that the trial court improperly applied the Dead Man's Act by precluding the appellants' oral testimony as to the existence of a contract for the sale of the property between themselves and the decedent, and further misapplied the Act by precluding them from presenting canceled checks and written receipts issued by the decedent which the appellants allege proved the existence of a contract between the parties.

In order to decide these issues we must first look to the pertinent part of the Dead Man's Act:

> ... in any civil action or proceeding, where any party to a thing or contract in action is dead ... and his right thereto or therein has passed ... to a party on the record who represents his interest in the subject in controversy, neither any surviving or remaining party to such thing or contract, *nor any other person whose interest shall be adverse to the said right of such deceased ..., shall be a competent witness to any matter occurring before the death of said party ...*

42 Pa.C.S.A. § 5930 (emphasis added).

The Dead Man's Act is an exception to the general rule of evidence in this Commonwealth that: "no interest or policy

of law ... shall make any person incompetent as a witness." 42 Pa.C.S.A. § 5921. The purpose of the statute is to prevent the injustice that may result from permitting a surviving party to a transaction to give testimony favorable to himself and adverse to the decedent, which the decedent's representative would be in no position to refute by reason of the decedent's death. *In Re Estate of Hall*, 517 Pa. 115, 535 A.2d 47 (1987); *Weschler v. Carroll*, 396 Pa.Super. 41, 578 A.2d 13 (1990).

Under the Dead Man's Act three conditions must exist before the surviving party or witness is disqualified: "(1) the deceased must have had an actual right or interest in the matter at issue, *i.e.* an interest in the immediate result of the suit; (2) the interest of the witness—not simply the testimony—must be adverse; (3) a right of the deceased must have passed to a party of record who represents the deceased's interest." *In Re Hendrickson's Estate*, 388 Pa. 39, 45, 130 A.2d 143, 146–47 (1957); *Weschler v. Carroll, supra.*

The appellants contend, citing *Rozelle v. Lewis*, 37 Pa.Super. 563 (1908), as the basis of their argument, that because they entered into a written real estate contract with the decedent in his capacity as executor of the estate of Edward Metz, their testimony concerning the existence and terms of an allegedly missing or stolen written contract is within an exception to the Dead Man's Act, and thus they are competent to testify. We disagree and find that the appellant reliance upon *Rozelle v. Lewis, supra,* to be misplaced as the case is factually distinguishable from the instant case.

The facts of *Rozelle* are as follows. The decedent, Charles Tropp, in his capacity as a co-executor of an estate with the power of sale, sold land which was part of the estate to Rozelle. After Tropp's death, the other co-executor sold the adjoining lot to Lewis. Sometime thereafter, the parties became embroiled in a boundary dispute. Rozelle attempted to testify as to the decedent's representa-

tions of the boundary line. Lewis sought to preclude this testimony under the Dead Man's Act.

This Court held that Rozelle's testimony was not precluded under the Dead Man's Act. The court ruled that although the decedent executor was a party to the contract under which Rozelle claimed the disputed strip of land, his interests, and those of his estate's, in the outcome of litigation were only nominal as he was not a beneficiary under the will and his estate would not be diminished in any way by a judgment in favor of Rozelle. Thus, Rozelle's testimony was not adverse to any interest of the decedent and was therefore properly admissible under the Dead Man's Rule.

The case at bar does not present a scenario even remotely resembling that found in *Rozelle v. Lewis, supra.* Instantly, the decedent was not only the executor of his father's estate, he was also a beneficiary under the will who was devised the property in controversy as a tenant in common with his brother and sister. If the appellants were to prevail in this action, title to the property would be transferred from the decedent's estate to the appellant, thus his estate's interest in this litigation is far greater than the nominal interest of the deceased executor in *Rozelle v. Lewis, supra.* Therefore, the trial court correctly held that *Rozelle* was inapplicable and properly precluded the appellants' oral testimony.

The appellants' next contention is that the trial court erred in ruling that written receipts issued by the decedent to the appellants and canceled checks issued by the appellants to the decedent are inadmissible under the Dead Man's Act. The appellants argue that the receipts and canceled checks are outside of the prohibitions of the Dead Man's Act and are admissible to prove the existence of a contract between the parties. The appellants assert that had they been able to present the receipts issued by the decedent, some of which state that the decedent acknowledges that he received payment "on the house," while others state the payments were received as rent, that they

242

would be able to withstand a motion for summary judgment as a genuine issue of fact would exist as to whether there was a contract between the parties. We agree.

The Dead Man's Act applies only to oral testimony. Written evidence offered by an adverse surviving party is not rendered incompetent by the Dead Man's Act and is admissible. *In Re Estate of Rider*, 487 Pa. 373, 409 A.2d 397 (1979); *Rauenzahn v. Sigman*, 376 Pa. 26, 101 A.2d 688 (1954). Accordingly, we find that the trial court erred when it precluded the receipts and canceled checks offered by the appellants to prove the existence of a contract for the sale of the property between themselves and the decedent. Therefore, as a genuine issue of material fact arises as to whether the decedent received the checks from the appellants as payment for the property or as rent, the trial court's grant of summary judgment in favor of the appellees was premature and the appellants must be permitted the opportunity at trial to prove the existence of a contract on the basis of the written evidence.

■ The appellants' final contention is that the trial court failed to address whether the Statute of Frauds and its exceptions were applicable in the instant case. The appellants contend that while the Statute of Frauds directs that agreements for the sale of real estate must be in writing to be enforceable, *see Rosen v. Rittenhouse Towers*, 334 Pa. Super. 124, 130–31, 482 A.2d 1113, 1116–17 (1984); *Fannin v. Cratty*, 331 Pa.Super. 326, 331, 480 A.2d 1056, 1058 (1984); *Target Sportswear Inc. v. Clearfield Foundation*, 327 Pa.Super. 1, 10, 474 A.2d 1142, 1147 (1984), specific performance of an oral contract for the sale of real estate may be ordered where it appears that continuous and exclusive possession of the subject property was taken under an oral contract and improvements were made by the buyer which are not readily compensable in money. *See Zlotziver v. Zlotziver*, 355 Pa. 299, 302, 49 A.2d 779, 781 (1946); *Hostetter v. Hoover*, 378 Pa.Super. 1, 547 A.2d 1247, 1251 (1988).

It is well established that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). "The doctrine of waiver has become firmly entrenched in Pennsylvania law and it is clear that on appeal a new and different theory of relief may not be successfully advanced for the first time." *Walton v. Philadelphia Nat'l Bank*, 376 Pa.Super. 329, 545 A.2d 1383 (1988); citing *Morgan v. Sbarboro*, 307 Pa.Super. 308, 453 A.2d 598 (1982) (citing cases). We find no evidence in the record that the appellants ever raised a claim of an oral contract below. We therefore find the issue waived on appeal.

As a result of our ruling that written evidence is outside the scope of the prohibitions of the Dead Man's Act, we find that entry of summary judgment against the appellants was premature. We emphasize that our ruling is limited to the admissibility of the written receipts issued by the decedent and the appellants' canceled checks. We neither express nor imply any opinion whatsoever upon the merits of each party's substantive contentions as they must be determined at trial. Our only finding here is that due to the admissibility of the written evidence which may tend to prove the existence of some kind of contract between the appellants and the decedent for the property, the appellants are able to withstand a motion for summary judgment.

Based upon the foregoing, the trial court's order is vacated and the case is remanded for proceedings consistent with this Opinion.

Jurisdiction is relinquished.

TAMILIA, J., concurs in the result.