**Speight v. Mahalis**

*Marc F. Greenfield,* for plaintiffs.

*Gregory F. Mondjack Sr.* and *John R. Brown,* for defendant.

MASSIAH-JACKSON, *J.,* May 28, 2008—At the conclusion of a jury trial in July 2007, plaintiff Edward Speight Jr. was awarded $75,000. Plaintiff, Ms. Lachette Smith was awarded $50,000. The litigation ensued as a result of a motor vehicle accident wherein defendant-driver, William Whitlock, hit the plaintiffs' vehicle which had been stopped at a red light in Philadelphia. Both plaintiffs suffered injuries as a result of the impact.

Because Mr. Whitlock died prior to trial, the estate of Mr. Whitlock filed a pretrial motion in limine to preclude trial testimony from any person with an interest adverse to the interest of the decedent. Dead Man's Act, 432 Pa.C.S. §5930. That motion was *granted* by the trial court.

Defendant-appellant's position is that the plaintiffs should not have been permitted to present any trial witnesses. This appeal from the order denying defendants' post-trial motions has been filed. See exhibit "A", attached hereto.

In accordance with Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, this court respectfully submits to the Superior Court the memorandum in support of order denying the defendants' post-trial motions, dated March 27, 2008, as the reasons for the ruling. See exhibit "B", attached hereto.

EXHIBIT "A"

## ORDER

And now, March 27, 2008, after considering the motions for post-trial relief filed by the defendants, and the plaintiffs' response thereto, and for the reasons set forth in the memorandum filed this date, it is hereby ordered that all of the defendants' motions are denied.

Judgment is entered in favor of Edward Speight Jr. in the amount of $75,000. Judgment is entered in favor of Lachette Smith in the amount of $50,000.

---

EXHIBIT "B"

## MEMORANDUM IN SUPPORT OF ORDER DENYING THE DEFENDANTS' POST-TRIAL MOTIONS

MASSIAH-JACKSON, *J.*, March 27, 2008—Following a motor vehicle collision in July 2004, plaintiffs, Edward Speight Jr. and Ms. Lachette Smith, commenced this litigation in June 2006. The defendant-driver, William Whitlock, died on April 17, 2006. Accordingly, the caption reflects that the co-executors and the estate of Mr. Whitlock are named defendants.

The trial testimony was presented on July 16, 2007. The jury returned a verdict in favor of Mr. Speight in the amount of $75,000 and in favor of Ms. Smith in the amount of $50,000.

The estate filed post-trial motions urging a new trial. After receipt of the trial transcript, the parties submitted

post-trial memoranda in support of their positions. The parties agreed to waive oral argument.

For all of the reasons which follow, the estate's motions for post-trial relief are denied.

## A. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 18, 2004, the plaintiffs, Mr. Edward Speight and his friend, Ms. Lachette Smith, were in their automobile which was stopped at a red light on Port Royal Avenue in Philadelphia. William Whitlock was driving on Henry Avenue and attempted to make a left turn onto Port Royal Avenue. Mr. Whitlock hit the plaintiffs' vehicle.

An ambulance and police arrived. Both plaintiffs were transported to nearby Roxborough Memorial Hospital. N.T. 58. X-rays were taken and medications prescribed for both individuals. They were released from the hospital. Both plaintiffs continued out-patient treatments and physical therapy with Dr. John Bowden.

One month prior to trial, counsel met with the trial court to discuss the litigation. Each side submitted a memorandum to comment on the applicability of the Dead Man's Act, 42 Pa.C.S. §5930, to this case. N.T. 5-6, July 16, 2007.

The estate's motion in limine sought to preclude testimony from any person with an adverse interest. *This trial court granted the defense motion in limine.* No person with an interest adverse to the decedent testified about the circumstances of the accident. N.T. 5-6.

## B. LEGAL DISCUSSION

Pennsylvania's Dead Man's Act states in pertinent part:

"42 Pa.C.S. §5930. Surviving party as witness, in case of death, mental incapacity, etc.

". . . where any party to a thing or contract is dead, neither any surviving or remaining party to such thing or contract, nor any other person whose interest shall be adverse to the said right of such deceased . . . shall be a competent witness to any matter occurring before the death of said party."

The Act provides that one whose interest is adverse to the interest of a decedent is not a competent witness to any matter which occurred before the decedent's death.

The estate has reiterated two reasons in support of its position that Police Officer Harmer and Dr. John Bowden should not have testified at trial. First, the defendant-estate contends that these two witnesses provided testimony adverse to the decedent and should have been precluded. The estate relies on *Schroeder v. Jaquiss,* 580 Pa. 381, 861 A.2d 885 (2004) and *Anderson v. Hughes,* 417 Pa. 87, 208 A.2d 789 (1965). Second, the defendant-estate contends that Rule 703 of the Pennsylvania Rules of Evidence does not permit an expert witness to provide opinions and conclusions if the underlying facts upon which the opinions were based are inadmissible evidence.

On each occasion at the pretrial proceeding *and* in the motion in limine *and* at this post-trial juncture, these two

arguments proffered by the estate have been rejected because they are not consistent with Pennsylvania law.

### 1. *Police Officer Harmer Was Qualified To Reconstruct the Circumstances of the Auto Accident*

Despite the earlier rulings of the trial court, counsel for the estate objected to the police officer's expertise in front of the jury and in the middle of plaintiffs' counsel's opening statement. Compare, N.T. 6 and N.T. 25, July 16, 2007. The objection again specifically challenged whether or not the investigating officer could render his conclusions as an expert witness. The court ruled that with the proper foundation, the officer would be qualified as an expert. N.T. 25, 100.

Rule 703 of the Pennsylvania Rules of Evidence states:

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence."

The law permits an expert to express an opinion based on information and materials not admissible into evidence if they are of a type which the expert would reasonably rely on in his profession. See *Milan v. PennDOT,* 153 Pa. Commw. 276, 287-88, 620 A.2d 721, 727 (1993), *alloc. denied,* 535 Pa. 650, 633 A.2d 154 (1993) accident reconstruction; Bernstein, 2007 Pa. Rules of Evidence, comment 5(d) and (e) to Pa.R.E. 703 (Gann).

In this case, the trial court explained to counsel that if and when the proper foundation was established, *ie.,* experience and training, Officer Harmer would be qualified to present his expertise to the jury. N.T. 25. The officer testified that he had been a Philadelphia police officer for 26 years, was trained how to investigate accidents by the police department, had investigated between 500 to 700 motor vehicle accidents and follows a standard procedure for all of his investigations. N.T. 43-44. See generally, *Miller v. Brass Rail Tavern Inc.,* 541 Pa. 474, 664 A.2d 525 (1995). The foundation was established by plaintiffs' counsel and the officer did present his conclusions. N.T. 42-45, 50.

Officer Harmer concluded that William Whitlock was making a left turn from Henry Avenue and struck the automobile of Mr. Speight which was stopped on Port Royal Avenue near Andorra Shopping Center. N.T. 49-50.

The Dead Man's Act disqualifies testimony from *persons* who have an interest adverse to the decedent and not the *testimony* which is adverse. *Balla v. Sladek,* 381 Pa. 85, 92, 112 A.2d 156, 160 (1955). The police officer was an independent witness who had no interest in the outcome of the litigation. He was competent and qualified to present his conclusions to the jury. See also, *Punxsutawney Municipal Airport Authority v. Lellock,* 745 A.2d 666, 670 (Pa. Super. 2000), where the appellate court noted that in order for a witness to be disqualified from testifying, the interest of the *witness* must be adverse to the interest of the decedent's estate, citing *Gibbs v. Herman,* 714 A.2d 432 (Pa. Super. 1998).

## 2. Dr. John Bowden Was Competent
## To Testify to the Jury

Under the Dead Man's Act three conditions must exist before a witness is disqualified: (1) The deceased must have had an interest in the matter at issue, that is, in the result of the suit; (2) The interest of the witness—not simply the testimony—must be adverse; (3) A right of the deceased must have passed to a party of record. *E.g., Larkin v. Metz,* 398 Pa. Super. 235, 240, 580 A.2d 1150, 1152 (1990), citing *In re Hendrickson's Estate,* 388 Pa. 39, 45, 130 A.2d 143, 146-47 (1957); *Weschler v. Carroll,* 396 Pa. Super. 41, 578 A.2d 13 (1990).

In the case at bar, the interests of Dr. Bowden was not adverse to any interest of the decedent-Whitlock. His testimony was permissible under the Dead Man's Act. Dr. Bowden was an independent medical professional with no interest in the outcome of the litigation. See also, *Broderick Co. v. Emert,* 110 Pa. Super. 327, 168 A. 512 (1933) commenting that if a witness will neither acquire nor lose a right, nor incur a responsibility, he is competent to testify.

Next, in Pennsylvania, our Rules of Civil Procedure permit trial testimony to be videotaped if a witness will not be available for trial. See also, Rule 4020(a)(5) of the Pa. Rules of Civil Procedure. In this case, all of the parties and counsel knew that Dr. Bowden would not be coming to the courtroom in order to present live trial testimony. Here, unlike the situation in *Schroeder v. Jaquiss, supra,* the video testimony was not a "discovery deposition", rather it was *trial testimony.* The Supreme Court has *clearly* articulated that the two processes are distinguishable.

"[D]ecedent's representative waives the Act by taking the deposition of or requiring answers to interrogatories from an adverse party, whether or not he places the results of such discovery on the record." *Schroder v. Jaquiss, supra* at 389, 861 A.2d at 890.

The Supreme Court commented that the taking of discovery is not the functional equivalent of trial testimony. The plaintiffs, Speight and Smith, provided specific notice to the estate of the trial videotape session, however, the estate chose to not participate. The trial court's concerns were appropriate. N.T. 9-11. All objections were waived by the estate by failing to participate at trial.

Finally, because Dr. Bowden was presented as plaintiffs' expert medical witness, his opinions about the course of treatment and etiology of Mr. Speight and Ms. Smith's injuries were proper as per Rule 703 of the Pennsylvania Rules of Evidence. A reading of Dr. Bowden's transcript confirms that he based his conclusions and diagnosis on the history presented by the two plaintiffs and the nature of the impact which created the trauma. Bowden video, N.T. 11, 27, 32. Dr. Bowden was the actual treating physician for each plaintiff. His opinions were acquired in the course of his treatment and not for the purposes of litigation. He was not a medical expert retained specifically for litigation.

In order to properly diagnose and treat Mr. Speight and Ms. Smith, Dr. Bowden needed to understand the history and mechanism of the injuries and impact.

When the estate chose to waive trial objections to the doctor's testimony, the post-trial objections have not been preserved.

### 3. *The Verdict Award Does Not Shock This Court's Conscience*

The estate contends that the verdict award is excessive. This court does not agree with the contention. The decision whether or not to grant remittitur lies within the discretion of a trial court. *Botek v. Mine Safety Appliance Corp.,* 531 Pa. 160, 611 A.2d 1174 (1992) and cases cited at 165-66, 611 A.2d at 1176. A jury verdict, if supported by the evidence, will be permitted to stand when there is nothing to suggest that the jury was guided by partiality, prejudice, mistake or corruption. Neither a new trial nor remittitur is appropriate. *Carminati v. Philadelphia Transportation Company,* 405 Pa. 500, 176 A.2d 440 (1962); *Bey v. Sacks,* 789 A.2d 232 (Pa. Super. 2001).

In defendant's answer to complaint and new matter, at paragraphs 23-25, the estate asserted that Mr. Speight's and Ms. Smith's claims were "limited, governed, barred, and/or restricted by the terms of the Pennsylvania Motor Vehicle Financial Responsibility Law of 1984, 75 Pa.C.S. §1701 et seq." Generally, a defendant has the burden of proof on affirmative defenses and counterclaims. Because the estate did not present evidence of the insurance, it failed to satisfy its affirmative burden that recovery was restricted to a limited tort election on the applicable automobile policy. See Packel and Poulin, Pennsylvania Evidence, §321-1 (West, 3d ed. 2007) citing *Zenner v. Goetz,* 324 Pa. 432, 435, 188 A. 124, 125 (1936) at n.6.

The jury observed Ms. Smith, age 29, as she described her injuries and treatment. Immediately after the accident,

Ms. Smith suffered from severe headaches which lasted several days, N.T. 81, and she *continues* to have non-migraine headaches. She described back pain and neck pain, N.T. 81, confirmed by Dr. Bowden. Video, N.T. 27-29. She was a front-seat passenger, and did not strike her head or lose consciousness. Bowden video, N.T. 27. Ms. Smith treated with her family doctor from July 2004 to November 2004. Then, she treated with Dr. Bowden from November 2004 through March 2005. The eight months of treatment and physical therapy included physical medicine and exercises. Bowden video, N.T. 30. Ms. Smith also was evaluated by a chiropractor.

Ms. Smith attended one year of college and works in accounting which requires her to sit for long periods of time. She has a more than 10-year work history. N.T. 80. She is able to take breaks at work when she feels pain and discomfort. N.T. 87. When the weather is damp or raining she feels pain, N.T. 85-86, and has had difficulty sleeping and engaging in activities of daily living. N.T. 88-89.

Dr. Bowden has opined that Ms. Smith's future is "guarded" and "uncertain". Bowden video, N.T. 33. She suffered from post-traumatic strain and thoracic strain, with ileum dysfunction—meaning trauma to her hip bones caused her back pain, and post-traumatic head-aches, all caused by the accident. Bowden video, N.T. 32.

Mr. Speight, 34 years old, who has a work history as a laborer and certified brick layer, was forced to change job assignments as a result of the accident. N.T. 66-69. Prior to July 2004, he built scaffolding and heavy con-

struction work. When he was transported by the ambulance to the hospital, he felt pains in his back, neck and right knee. N.T. 58. X-rays were taken and he was given muscle relaxers. N.T. 61. Dr. Bowden testified that Mr. Speight suffered low back and upper back pain, as well as tenderness in his neck, and post-traumatic headaches. Bowden video, N.T. 13-14.

Dr. Bowden confirmed complaints of Mr. Speight's right knee injury and described a right medial meniscus tear, patella femoral chronditis and internal knee derangement. Bowden video, N.T. 17-18. Mr. Speight described to the jury that when his knee swells, he goes to the doctor who drains the fluid with a needle. N.T. 65-66.

The treatment from July 2004 to November 2005 involved ultrasound, moist heat, and physical therapy. Bowden video, N.T. 15-16. The plaintiff also visited a chiropractor. N.T. 76. Dr. Bowden explained his opinion that the impact of William Whitlock's car threw Mr. Speight forward then backward. Bowden video, N.T. 12, 24.

Prior to July 2004, Mr. Speight played sports with organized summer teams. Now, he cannot sit for long periods, has aching pains, and has gained 30 pounds. N.T. 64, 70. The future prognosis is permanent significant impairments, with difficulty walking and squatting. Bowden video, N.T. 25. There was an abnormal CT scan result on the right knee, Bowden video, N.T. 15-16, and there is torn cartilage.

It was up to the triers of fact to assess the evidence and the credibility of the witnesses. When appraising all of the evidence and the many items of damages, this

court which sits as an experienced civil trial court, and which had the benefit of seeing and hearing all of the evidence, concludes the jury's verdict was fair, thoughtful and reasonable. *Haines v. Raven Arms,* 536 Pa. 452, 640 A.2d 367 (1994).

## C. CONCLUSION

For all of the reasons set forth above, the motion for post-trial relief filed by the estate of William Whitlock and the co-executors is denied.

The jury's award for damages is affirmed. Judgment is entered in favor of Edward Speight Jr. in the amount of $75,000, and in favor of Lachette Smith in the amount of $50,000.