J-A08036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARIE REIS AND SCOTT J. REIS, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SCOTT J. REIS, ADMINISTRATOR OF THE ESTATE OF BARBARA REIS, DECEASED | : | No. 3075 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered September 24, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  190201075

BEFORE:  LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED JUNE 03, 2020**

In this slip and fall case, Scott J. Reis (Appellant), administrator of the estate of Barbara Reis (Decedent), deceased, appeals from the discovery order entered in the Philadelphia County Court of Common Pleas.  Appellant contends the discovery order is appealable as a collateral order under Pa.R.A.P. 313 because, *inter alia*, his compliance with the order would result in waiver of his "defense" under the so-called Dead Man's Act.[1]  We quash.

---

[1] 42 Pa.C.S. § 5930.  The statute provides, in pertinent part:

> [I]n any civil action or proceeding, where any party . . . is
> dead . . . and his right thereto or therein has passed . . . to a party
> on the record who represents his interest in the subject in

For ease of discussion, we first note: "The Dead Man's Act is an exception to the general rule of evidence in this Commonwealth that: 'no interest or policy of law . . . shall make any person incompetent as a witness." *Larkin v. Metz*, 580 A.2d 1150, 1152 (Pa. Super. 1990), *citing* 42 Pa.C.S.A. § 5921. "The Act provides that one whose interest is adverse to the interest of a decedent is not a competent witness to any matter which occurred before the decedent's death." *Schroeder v. Jaquiss*, 861 A.2d 885, 887 (Pa. 2004).

> [T]he purpose behind the legislatively enacted Dead Man's Statute is that the decedent's representative is in no position to rebut the assertions presented by the adverse party, and thus, it would be unfair to permit a surviving adverse party to give testimony that is favorable to himself and unfavorable to the decedent's interest.

*Davis v. Wright*, 156 A.3d 1261, 1268 (Pa. Super. 2017).

> The purpose of the statute is to prevent the injustice that may result from permitting a surviving [witness] to a transaction to give testimony favorable to himself and adverse to the decedent, which the decedent's representative would be in no position to refute by reason of the decedent's death.
>
> Under the Dead Man's Act three conditions must exist before the surviving party or witness is disqualified: "(1) the deceased must have had an actual right or interest in the matter at issue, *i.e.* an interest in the immediate result of the suit; (2) the interest of the witness—not simply the testimony—must be adverse; (3) a

---

controversy, neither any surviving or remaining party to such thing or contract, nor any other person whose interest shall be adverse to the said right of such deceased . . . shall be a competent witness to any matter occurring before the death of said party . . . .

42 Pa.C.S. § 5930.

right of the deceased must have passed to a party of record who represents the deceased's interest."

*Larkin*, 580 A.2d at 1152 (citations omitted).

Appellant's mother, Decedent, died on January 18, 2017. Five weeks **thereafter**, on February 22, 2017, Appellant's wife, Marie Reis (Wife), allegedly slipped and fell on the sidewalk of property then owned by Decedent's estate.

On February 13, 2019, Wife and Appellant together, as husband and wife, filed a *praecipe* for writ of summons, naming Appellant, in his capacity as administrator of Decedent's estate, as the defendant. On April 10, 2019, however, Wife proceeded solely in filing a negligence complaint against Appellant, again as the administrator of Decedent's estate.[2] Appellant filed an answer and new matter, in which he claimed, *inter alia*, Wife's "claim is barred by the Dead Man[']s Statute." Appellant's Answer & New Matter, 4/18/19, at 3 (unpaginated).

On August 29, 2019, Wife filed a motion to compel discovery, explaining Appellant had informed her he "intend[s] to assert the Dead Man's rule and not respond to any discovery requests." Wife's Motion to Compel Discovery Responses, 8/29/19, at 2. Wife argued the Dead Man's Act was not applicable because, *inter alia*, her slip and fall occurred **after** Decedent's death.

---

[2] Despite the complaint's identification of only Wife as a plaintiff, Wife's appellate brief erroneously indicates that both she and Appellant were plaintiffs.

Following oral argument, the trial court granted Wife's motion on September 24, 2019, and directed Appellant to respond to Wife's requests for documents and to submit to a deposition. The order also stated, however, that Appellant's compliance with the order "shall not constitute a waiver of the Dead Man's Rule." Order, 9/24/19. On October 15th, Appellant took this appeal.[3] The trial court issued an opinion, suggesting this Court quash this appeal because its order was not a final order nor an appealable collateral order under Pa.R.A.P. 313. Trial Ct. Op., 11/8/19, at 2-3.

This Court issued a *per curiam* order directing Appellant to show cause why this appeal should not be quashed, as a discovery order is generally interlocutory and non-appealable.[4] Order, 11/22/19, *citing* **Robec, Inc. v. Poul**, 681 A.2d 809, 811 (Pa. Super. 1996) (absent unusual circumstances, we will not review discovery orders prior to final judgment in the main action). Appellant responded the trial court's order was an appealable collateral order because, *inter alia*, he is unable to comply with it without waiving his "defense" under the Dead Man's Act. Appellant's Response to Rule to Show Cause, 12/2/19, at 2. This Court discharged the rule to show cause, but advised Appellant the issue would be referred to the merits panel.

---

[3] The trial court did not require Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

[4] This Court may raise the issue of jurisdiction *sua sponte*. **Shearer v. Hafer**, 177 A.3d 850, 855 (Pa. 2018).

- 4 -

Appellant presents two issues for our review:

1. Does the September 24, 2019 Order constitute a collateral order pursuant to Pennsylvania Rule of Appellate Procedure 313?

2. Did the trial court commit an error of law by entering the September 24, 2019 Order granting [Wife's] Motion to Compel Discovery Responses where there will be irreparable harm after information discovered may compel waiver of Appellant's defense under the Dead Man's Act as a matter of law?

Appellant's Brief at 5.

In his first issue, Appellant avers the trial court's discovery order is an appealable collateral order under Pa.R.A.P. 313. In support, he contends: (1) the present issue, of whether providing discovery would result in waiver of the Dead Man's Act, may be resolved separately from Wife's underlying negligence claim; (2) the right involved—Appellant's waiver of his "defense" under the Dead Man's Act—is too important to be denied immediate review; and (3) once Appellant provides the discovery, his claim—that such discovery is not permitted under the Dead Man's Act—would be irreparably lost. Appellant's Brief at 12-14. Appellant proceeds on the premise that Wife's cause of action lied against Decedent. *Id.* at 17 ("According to the Complaint, [Decedent] owned and/or maintained the property where [Wife] purportedly fell. . . . [D]ecedent's failure to properly maintain her property **prior** to her death constitutes the alleged tortious conduct directly at issue."). He maintains he "is an incompetent witness under the Dead Man's Act as a matter of law[ and] should not be compelled to participate in discovery and thereby waive his defense[.]" *Id.* at 16. Appellant also reasons:

- 5 -

> Both [Appellant and Wife], as husband and wife, stand to gain if [Appellant] is permitted to participate in the discovery. Moreover, [Appellant's] testimony stands to be in direct conflict to [D]ecedent's interest. Requiring [Appellant] to participate in discovery sets up exactly the fraudulent temptation that the Dead Man's Rule seeks to prevent.

*Id.* at 17. Finally, Appellant disputes the trial court's notation on the face of the September 24, 2019, order, that his compliance would not constitute waiver. Appellant maintains, without citation to authority, that "it is impossible for [him] to provide potentially adverse testimony and written discovery on behalf of the estate without waiver as a matter of law." *Id.* at 11 n.2.

Wife responds, *inter alia*, that "the incident that gives rise to the negligence and damages occurred **after** the death of [Decedent] when the **estate** would [have] been responsible for the property." Wife's Brief at 11 (emphases added); *see also id.* at 12 ("[T]he incident . . . that relates to this cause of action is based upon the condition of the sidewalk at the time of the fall which was after [D]ecedent's death . . . . The prior condition of the sidewalk is not relative [sic] to the negligence action[.]"). Wife further proclaims "this case does not involve statements, conversations or documents with the deceased[.]" *Id.* at 11.

Generally, "an appellate court's jurisdiction extends only to review of final orders." *Shearer*, 177 A.3d at 855. "In Pennsylvania, final orders are those which (1) dispose of all claims and all parties, (2) are explicitly defined

as final orders by statute, or (3) are certified as final orders by the trial court or other reviewing body. *See* Pa.R.A.P. 341." *Id.* at 856.

A narrow exception, however, is provided through the collateral order doctrine, which has been set forth at Pa.R.A.P. 313. *Shearer*, 177 A.3d at 856, 858 (we construe collateral order doctrine narrowly). "[T]he question of whether the collateral order doctrine has been met is jurisdictional in nature. Therefore, we must independently consider whether the collateral order doctrine has been satisfied." *Id.* at 855. Rule 313 provides "[a]n appeal may be taken as of right from a collateral order," which is defined as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(a)-(b). Under the second prong, "a right is important if 'the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule[ ]" and the right "implicate[s] interests 'deeply rooted in public policy [and] going beyond the particular litigation at hand." *Shearer*, 177 A.3d at 858-59 (citations omitted).

Preliminarily, we correct Appellant's mistaken premise that the Dead Man's Act affords him a "defense." *See Davis*, 156 A.3d at 1268 ("[T]he invocation of the protection based on the Dead Man's Statute is not an 'affirmative defense.' [B]y definition, an 'affirmative defense' pertains to 'a

defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true."). Instead, the Dead Man's Act is an evidentiary rule that acts to preclude testimony. *Id.*

We also reject the premise of Husband's argument—that Wife's cause of action ever lied against Decedent personally. *See* Appellant's Brief at 17 ("[D]ecedent's failure to properly maintain her property prior to her death constitutes the alleged tortious conduct[.]") Wife's complaint named Appellant, the administrator of the estate, as the defendant—not Decedent. The complaint also averred the property was "owned by Defendant." Wife's Complaint at 1. We construe these two averments together to mean, as Wife avers on appeal, that the estate—not Decedent—owned the property at the time of the fall. *See* Wife's Brief at 11. This is not a case where a plaintiff's cause of action accrued while the property owner was alive, the owner subsequently died, and the owner's personal representative was substituted as a party. Thus, Appellant cannot show: (1) Decedent was ever a "party" or "had an actual right or interest in the matter;" or (2) that Decedent's right "passed" to Appellant. *See* 42 Pa.C.S. § 5930; *Larkin*, 580 A.2d at 1152. Instead, both the underlying cause of action and the complaint were made against the estate. *See id.* Accordingly, we disagree with Appellant that the Dead Man's Act applies.

Furthermore, we reject Appellant's implied position that the Dead Man's Act precludes or shields him from providing **any** discovery or testimony in this case.[5] First, the Act precludes testimony about "any matter which occurred **before** the decedent's death." ***Schroeder***, 861 A.2d at 887 (emphasis added). Thus, the Act would not preclude Appellant, or any witness, from testifying about events arising **after** Decedent's death.[6]

Second, in attempting to invoke the Dead Man's Act to shield **himself** from Wife's discovery and deposition request, Appellant ignores the policy behind the Dead Man's Act—"that the decedent's representative is in no position to rebut the assertions presented **by the adverse party**, and thus, it would be unfair to permit **a surviving adverse party** to give testimony that is favorable to himself and unfavorable to the decedent's interest." ***See Davis***, 156 A.3d at 1268 (emphases added). We reject Appellant's argument that "**[a]ny** discovery" he provides "relating to the possible negligent condition of his mother's property . . . is improper as it theoretically equates to an adverse interest to her estate." ***See*** Appellant's Brief at 18 (emphasis added). Instead, we reiterate that "the interest of the [deposed] witness—not simply the testimony—must be adverse." ***Larkin***, 580 A.2d at 1152.

---

[5] As stated above, Wife's motion to compel discovery averred that Appellant refused to respond to **any** discovery request pursuant to the Dead Man's Act.

[6] Indeed, Wife avers that "this case does not involve statements, conversations or documents with the deceased." Wife's Brief at 11.

Here, Appellant has not established that in his capacity as the administrator of Decedent's estate, his interests are adverse to those of Decedent. ***See id.*** To the extent Appellant anticipates any of his testimony would be construed to be contrary to the estate's interests, we note that every deposition (and cross-examination) of a defendant is intended to elicit some testimony that could be used against the defendant's position.

In light of the foregoing, we conclude Appellant has not established the second prong of the collateral order doctrine—that he has a right too important to be denied review. ***See*** Pa.R.A.P. 313(b); ***Shearer***, 177 A.3d at 853, 858-59. Consequently, we determine Appellant's appeal is improperly taken from an unappealable order, and we quash this appeal.[7]

---

[7] Although we determine this Court lacks jurisdiction to hear this appeal, we briefly address Appellant's challenge to the trial court's notation, on the face of the September 24, 2019, discovery order, that compliance with the order will not waive his claims under the Dead Man's Act. ***See*** Order, 9/24/19; Appellant's Brief at 11 n.2. We note that generally,

> An objection to interrogatories or other discovery under . . . or an application for protective order . . . must be filed before the party seeking discovery has filed a motion for sanctions or other motion seeking to enforce compliance with the discovery request or else the objection or the grounds upon which the protective order is sought will be waived.

***National Railroad Passenger Corp. v. Fowler***, 788 A.2d 1053, 1059 (Pa.Cmwlth. 2001). Furthermore, with respect to the Dead Man's Act, our Supreme Court has addressed waiver in the context of **precluding** an adverse party's testimony: "[A] decedent's representative waives the Act by taking the deposition of or requiring answers to interrogatories from an adverse party,

- 10 -

Appeal quashed. Jurisdiction relinquished.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: <u>6/3/2020</u>

_____

whether or not he places the results of such discovery on the record." ***Schroeder***, 861 A.2d at 888 (citation omitted and emphasis added).

However, we have not discovered any authority addressing the particular issue presented here—whether a trial court may require a personal representative to engage in discovery while providing a non-waiver of the Dead Man's Act. Nevertheless, we reiterate that where an adverse witness testifies on direct examination only with respect to events that occurred after the decedent's death, they do not violate the Dead Man's Act. ***See Estate of Kofsky***, 409 A.2d 1358, 1369 (Pa. 1979). The rule and its application belong solely to the personal representative and the trial court can neither assert or waive the rule on behalf of the personal representative. The effect of the failure to assert or waiver of the rule depends upon the circumstances upon which it is either asserted or waived. It cannot be stated more emphatically that the Dead Man's Act does not apply to events which occur after the decedent's death.